577 A.2d 920

**COMMONWEALTH of Pennsylvania**

v.

**Michael COHEN, Appellant.**

Superior Court of Pennsylvania.

Argued June 7, 1990.

Decided July 12, 1990.

---

1. See Rules of Professional Conduct Nos. 4.2, 4.3, and 4.4.

538

Edward T. Feierstein, Philadelphia, for appellant.

Mary MacNeil Killinger, Asst. Dist. Atty., Norristown, for Com., appellee.

Before CAVANAUGH, TAMILIA and CERCONE, JJ.

TAMILIA, Judge:

Appellant Michael Cohen appeals from the Order entered November 22, 1989 denying his application for expungement of his record upon successful completion of the Accelerated Rehabilitative Disposition (ARD) program. On March 25, 1986, appellant was arrested and charged with indecent assault,[1] corruption of minors[2] and endangering welfare of children.[3] The charges arose from the alleged assault of a three-year-old girl by appellant at the day care center where appellant was employed as a teacher. On May 6, 1987, by the terms of ARD, appellant was placed on 24 months probation, ordered to pay $300 restitution, undergo a psychiatric evaluation and comply with any recommended psychiatric treatment, to withdraw his appeal with Children and Youth Services to have his license to teach restored, and to agree not to teach in the future. Appellant successfully completed the ARD program and filed a petition for an Order dismissing and expunging the charges against him. The Commonwealth filed an answer to appellant's petition, requesting retention of his arrest record in order to ensure appellant never teach again. After hearing on October 25, 1989, the court then entered the Order which is before us on this appeal.

On appeal, appellant first argues the Commonwealth failed to demonstrate at the October 25, 1989 hearing an

1. 18 Pa.C.S. § 3126(1).
2. *Id.,* § 6301(a).
3. *Id.* § 4304.

overriding societal interest in maintaining appellant's criminal record.

Our Supreme Court has previously held that in certain circumstances substantive due process guarantees an individual the right to have his or her arrest record expunged.

In determining whether justice requires expungement, the Court, in each particular case, must balance the individual's right to be free from the harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records.

*Commonwealth v. Wexler,* 494 Pa. 325, 329, 431 A.2d 877, 879 (1981). The Court subsequently extended this balancing test to ARD cases. "[T]he policy considerations underlying ARD mandate that unless the Commonwealth demonstrates an overriding societal interest in retaining [the arrest] record, expungement must be granted." *Commonwealth v. Armstrong,* 495 Pa. 506, 508, 434 A.2d 1205, 1206 (1981).

■ The *Wexler* Court went on to enumerate some of the factors to be considered by the trial court in determining an expungement petition:

The [factors] include the strength of the Commonwealth's case against the petitioner, the reasons the Commonwealth gives for wishing to retain the records, the petitioner's age, criminal record, and employment history, the length of time that has elapsed between the arrest and the petition to expunge, and the specific adverse consequences the petitioner may endure should expunction be denied.

*Id.* 494 Pa. at 330, 431 A.2d at 879 (citation omitted).

■ Reviewing the above factors in conjunction with the record in this case, we are compelled to find the trial court correctly denied appellant's petition to dismiss charges and expunge the record.

The Commonwealth's primary stated purpose in retaining appellant's record "is to prevent him from endangering the

safety of future students. By allowing [appellant's] record to be expunged [appellant] would be able to seek employment in the same or a similar area, thus, potentially endangering future students." (Slip Op., Vogel, P.J., 1/23/90, p. 4.) We agree. The provisions of ARD are set forth in Rules 175–186 of the Pennsylvania Rules of Criminal Procedure.[4] The Committee Introduction to that section states the rules contemplate crimes committed by first-time offenders and "that the crime charged is relatively minor and does not involve a serious breach of the public trust." While this Court would include in that group of contemplated crimes first-time offenses for drunk driving, minor property crimes and even small scale narcotics offenses, we cannot believe the legislature contemplated a crime of violence committed against a vulnerable and helpless three-year-old child by an adult in a position of authority and trust. While we question the suitability of submitting this case to ARD as opposed to a trial, we find the condition for acceptance into ARD, that appellant never teach again, indispensable to avoid a recurrence of this activity, notwithstanding appellant's lack of any prior criminal record. Maintenance of the records in this case is the only assured means to enforce this condition and constitutes a societal interest which overrides appellant's interest in expungement. Because this consideration is so important we do not find that any of the other factors subject to consideration warrant expungement of appellant's records.

Expungement is dealt with in greater specificity under the Criminal History Record Information Act, 18 Pa.C.S.A., Ch. 91 Section 9124, Use of records by licensing agencies, Subsection (b) Prohibited use of information provides in pertinent part:

The following information shall not be used in consideration of an application for a license, certificate, registration or permit:

4. Various amendments to the rules governing ARD, including the addition of Rule 186, were effective July 1, 1989. As appellant was accepted into and, in fact, completed the ARD program prior to that date, the amendments are not applicable here.

(1) Records of arrest if there is no conviction of a crime based on the arrest.

(2) *Convictions which have been annulled or expunged....*

(Emphasis added.)

Pursuant to the above, appellant could conceivably be certified as a teacher, despite his promise not to teach, if his record has been expunged. Similarly, the Child Protective Services Law, 11 P.S. § 2201 *et seq.*, at § 2223.1, Information relating to prospective child care personnel can be triggered to provide information to child care institutions only if there is a child abuse report contained in a central registry or a criminal record perpetuated by the Criminal History Record Information Act Section 2223.1(e) which provides:

(e) In no case shall an administrator hire an applicant if the applicant's criminal history record information indicates the applicant has been convicted, within five years immediately preceding the date of the report, of one or more of the following offenses under Title 18 of the Pennsylvania Consolidated Statutes:

. . . . .

Section 3127 (relating to indecent exposure).

. . . . .

Section 6301 (relating to corruption of minors).

By expungement of appellant's record, officials dealing with children in the education and child care fields, where appellant has been employed in the past, will be seriously hampered in ascertaining appellant's involvement in child-related offenses, should he seek employment in those areas. To rely on appellant's promise alone, that he would not seek employment in teaching, does not provide the safeguard society requires in this situation. Should appellant default on his promise, authorities would be unlikely to learn of such a breach unless or until a further offense was discovered. Experience in this regard leads us to conclude that numerous offenses could occur and perhaps years elapse before a violation was detected. The Accelerated Rehabili-

tation Program was not designed to allow this threat to persist and expungement is totally improper under these circumstances.

Appellant relies on this Court's holding in *Commonwealth v. Welford*, 279 Pa.Super. 300, 420 A.2d 1344 (1980), wherein we stated that "by recommending an accused for ARD, the Commonwealth agrees that he will be free from criminal responsibility if he successfully completes the ARD program." *Id.*, 279 Pa.Superior Ct. at 302, 420 A.2d at 1345. This reliance is misplaced and fails to consider the crux of *Welford* and the other ARD expungement cases.

In *Welford,* this Court went on to comment that "it is likely that the accused enters into [the ARD] agreement with the understanding that if he successfully completes the ARD program his record will be expunged. Where ... the Commonwealth cites no overriding interest in retaining his criminal record, this reasonable expectation of the accused should prevail." *Id.* However, where an overriding interest is cited, retention of the records is appropriate. In the instant case, as the Commonwealth has established an overriding interest in ensuring appellant never teach again, appellant's expectation of expungement, reasonable or not, will not prevail.

Order affirmed.