## Commonwealth v. Gunther

*Stuart Suss, assistant district attorney,* for the Commonwealth.

*John L. Lachall,* for defendant.

SUGERMAN, *J.*, November 17, 1992—James H. Gunther, appellant in the Superior Court, has appealed from our refusal of the appellant's application to expunge the record of the appellant's arrest following his successful completion of the accelerated rehabilitative disposition program of Chester County. We write in response to the mandate of Pa.R.A.P. 1925(a).

As is seen in the four-page affidavit of the arresting officer, prepared pursuant to Pa.R.Crim.P. 119 and a part of the record, the appellant was arrested upon charges involving the repeated sexual assaults by the appellant of his natural daughter, during a four-year period commencing in 1985, when the child was at most five years of age. Following the appellant's preliminary hearing, he was charged in a seven-count information. Among

these counts were included two counts of indecent assault[1] and two counts of endangering the welfare of children.[2]

On November 21, 1989, upon petition filed by the district attorney of Chester County, the appellant was admitted into the ARD program of Chester County for a period of two years. The order admitting the appellant to the ARD program contained several "special conditions" and was amended by order on July 15, 1991, modifying several of the "special conditions."

On or about November 21, 1991, it is undisputed that the appellant successfully completed the ARD program and complied with all special conditions set forth in the aforesaid orders.

On March 19, 1992, the appellant filed an application for an order dismissing the criminal charges pursuant to Pa.R.Crim.P. 185. Contained within the appellant's application was a request that we expunge the record of the appellant's arrest, pursuant to Pa.R.Crim.P. 186(a). The district attorney formally objected to the request for expunction, Pa.R.Crim.P. 186(b), and we convened a hearing on the appellant's request on May 18, 1992, pursuant to Pa.R.Crim.P. 186(a).

In his formal objection and at the hearing, the district attorney relied upon the Superior Court's decision in *Commonwealth v. Cohen*, 395 Pa. Super. 536, 577 A.2d 920 (1990).

At the argument held on the appellant's petition to expunge, after citing *Commonwealth v. Cohen, supra,*

---

1. 18 Pa.C.S. §3126(1).
2. 18 Pa.C.S. §4304.

the Commonwealth asserted the following as the ground upon which it opposed expunction:

*Mr. Suss [assistant district attorney]:* "It is our position that while we do not dispute the successful completion of the ARD program, and that as a matter of law, Mr. Gunther has no criminal record, and in that regard we have complied with that aspect of the ARD program, that there be no permanent conviction on the record. That nevertheless, when there is an offense of this nature, as set forth in the complaint and affidavit, involving a child, that there is a compelling interest in retention of the records.

"There is, as your honor is aware from the other cases you have handled, considerable academic literature which suggests this offense has recidivistic tendencies." Transcript of May 18, 1992, at 4.

In *Cohen,* the Superior Court affirmed the lower court's denial of the appellant's petition to expunge his record upon his successful completion of the ARD program. The charges underlying the appellant's admission into the ARD program were indecent assault, corruption of minors and endangering the welfare of children. The charges arose as the result of the alleged assault by the appellant upon a three-year old girl at the day-care center where the appellant was employed as a teacher. *Id.* at 537, 577 A.2d at 920-21. The Commonwealth in *Cohen* stated as its primary reason for retaining the appellant's record and opposing the appellant's petition was to prevent the appellant "from endangering the safety of future students."

At bar, the appellant, unlike *Cohen,* is not a teacher but is, rather, a sales person. Nonetheless, we find compelling the following language of the Superior Court in *Cohen:*

"The provisions of ARD are set forth in Rules 175-186 of the Pennsylvania Rules of Criminal Procedure. The committee introduction to that section states the rules contemplate crimes committed by first-time offenders and 'that the crime charged is relatively minor and does not involve a serious breach of the public trust.' While this court would include in that group of contemplated crimes first-time offenses for drunk driving, minor property crimes and even small scale narcotics offenses, we cannot believe the legislature contemplated a crime of violence committed against a vulnerable and helpless three-year-old child by an adult in a position of authority and trust." *Cohen, supra* at 540, 577 A.2d at 921-22.

While we do not intend to carve out a general exception to Pa.R.Crim.P. 186(a), so as to deny expunction to *all* persons admitted to the ARD program for offenses the same as those charged against this appellant, we nevertheless accept the Commonwealth's assertion that there is a "compelling" public interest in retaining the appellant's records. That interest, in our view, overrides the appellant's expectation of and interest in expunction. We are, after all, concerned with a natural father who repeatedly sexually assaulted his young daughter during a period of four years commencing when she was five

years of age.[3] See *Commonwealth v. McKee*, 357 Pa. Super. 332, 516 A.2d 6 (1986), *alloc. denied*, 527 A.2d 537 (1987). We have applied the factors set forth in *Commonwealth v. Wexler*, 494 Pa. 325, 330, 431 A.2d 877, 879 (1981), extended to ARD cases in *Commonwealth v. Armstrong*, 495 Pa. 506, 508, 434 A.2d 1205, 1206 (1981), and we have struck the balance in favor of the Commonwealth.

---

3. We are not insensitive to the potential harm ancillary to the retention of an arrest record. See our opinion for the Superior Court in *Commonwealth v. Hughes*, 295 Pa. Super. 304, 441 A. 2d 1244, n.7 (1982) (panel).