675 A.2d 749

COMMONWEALTH of Pennsylvania

v.

Timothy BRYANT, Appellant.

Superior Court of Pennsylvania.

Argued March 27, 1996.

Filed April 30, 1996.

Nancy D. Wasser, Philadelphia, for appellant.

Joseph J. Mittleman, Deputy District Attorney, Media, for Commonwealth, appellee.

Before CAVANAUGH, TAMILIA and MONTEMURO,* JJ.

* Retired Justice assigned to the Superior Court.

TAMILIA, Judge.

Timothy Bryant appeals from the January 26, 1995 Order denying his request for expungement of his criminal record upon completion of the Accelerated Rehabilitative Disposition (ARD) program.

Appellant was arrested on February 22, 1990 and charged with theft and related offenses after he and his three co-conspirators stole two vehicles from a car dealership. Upon petition by the district attorney of Delaware County, appellant was placed in the ARD program for a period of 12 months and ordered to make restitution. Defendant successfully completed ARD on July 31, 1991. Four months later, appellant was arrested for receiving stolen property and carrying a firearm without a license. Those charges were dismissed, however, on February 28, 1992.[1] On May 11, 1994, appellant filed a petition to expunge his criminal record. On May 20, 1994, the Commonwealth was ruled to show cause why defendant's petition should not be granted, and a hearing was set for June 27, 1994. The Commonwealth filed its statement of reasons opposing expungement on June 23, 1994, and after oral argument and consideration of the parties' briefs, the trial court denied defendant's petition, reasoning the Commonwealth's interest in preserving defendant's criminal record outweighed defendant's "right to be free from the harm attendant to maintenance of the criminal record." (Slip Op., Surrick, J., 10/19/95, p. 10.)

Appellant argues the court abused its discretion by denying his petition. He also contends attorneys' fees are appropriate due to the Commonwealth's obdurate behavior. For the reasons which follow, we reverse the Order denying appellant's petition, but affirm the court's decision to deny attorneys' fees.

 Factors to be considered by a court considering expungement of a criminal record due to successful completion

---

1. Although the record does not indicate why the charges were dismissed, defense counsel avers it was because the wrong individual had been arrested.

of ARD include the strength of the Commonwealth's case, the Commonwealth's reasons for wishing to maintain the record, the petitioner's age, criminal record and employment history, the length of time which has elapsed since the crime, and the adverse consequences the petitioner may endure should his petition be denied. *Commonwealth v. Cohen,* 395 Pa.Super. 536, 577 A.2d 920 (1990). The policy considerations underlying ARD mandate the grant of expungement absent an overriding societal interest in retaining the arrest record. *Commonwealth v. Armstrong,* 495 Pa. 506, 434 A.2d 1205 (1981); *Cohen, supra.* While arguably the Commonwealth's case against appellant with regard to the underlying crimes was solid, we find the Commonwealth's reasons for wanting to maintain appellant's criminal record, which were limited to the seriousness of the auto theft and the defendant's desire to become a police officer, do not rise to the level necessary to overcome defendant's due process rights. Appellant successfully completed ARD in July, 1991, at age 19, and requested formal dismissal of the charges and expungement of his record in May, 1994. As stated above, charges relating to appellant's arrest subsequent to ARD completion were dismissed. Now a 24–year old security guard, appellant is seeking full-time employment with the Philadelphia Police Department which, according to defense counsel, is fully aware of appellant's brush with the law and his attempt to expunge his record. We find the Commonwealth has failed to set forth a compelling societal interest in retaining Bryant's arrest record which would supersede his right to be free from the harm which necessarily accompanies possessing a criminal record.

■ As for an award of attorneys' fees, we agree it is inappropriate. The Commonwealth's conduct in opposing expungement was neither arbitrary, vexatious nor in bad faith, as required by 42 Pa.C.S. § 2503.

Therefore, the Order appealed from is reversed and the matter is remanded for proceedings consistent with this Opinion.

Order reversed.

Case remanded.

Jurisdiction relinquished.