420 A.2d 1344

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**David John WELFORD.**

Superior Court of Pennsylvania.

Argued March 21, 1980.

Filed July 3, 1980.

Petition for Allowance of Appeal Denied Nov. 14, 1980.

David M. McGlaughlin, Assistant District Attorney, Norristown, for Commonwealth, appellant.

Richard J. Gordon, Philadelphia, for appellee.

Before CERCONE, President Judge, and PRICE, SPAETH, HESTER, CAVANAUGH, WICKERSHAM and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant Commonwealth contends that the lower court erred in ordering expunction of appellee's arrest record. We disagree and, accordingly, affirm the order of the court below.

Appellee was arrested in June 1976 and charged with driving under the influence of alcohol, failure to stop at the scene of an accident, and under–age drinking. After a preliminary hearing, appellee was held for court on all three charges. Subsequently, however, appellee was accepted into the Accelerated Rehabilitative Disposition Program (ARD). Pursuant to the program, appellee was placed on probation for one year, ordered to pay $200.00 restitution, and ordered to complete a safe driver and alcohol program. In November 1978, having complied with the terms of the program, appellee petitioned the lower court to direct expunction of his criminal record. The lower court granted the petition, and the Commonwealth appealed.

The instant case is controlled by our decision in *Commonwealth v. Briley,* 278 Pa.Super. 363, 420 A.2d 582 (1980). In *Briley,* we noted that in acting on expunction petitions the court must engage in a balancing process, weighing the individual's due process interest in being free from the stigma of an arrest record against the state's interest in maintaining accurate records relating to persons suspected of criminal activity. *Id.,* 278 Pa.Super. at 368–369, 420 A.2d at 584–585. *See also Commonwealth v. Malone,* 244 Pa.Super. 62, 366 A.2d 584 (1976). We further held that where the accused is held for trial after his preliminary hearing, but subsequently successfully completes an ARD program, "the Commonwealth has the burden of justifying the retention of appellant's arrest record." Applying these standards, we concluded in *Briley* that the Commonwealth had failed to sustain its burden of proof because the only reason it offered for opposing expunction was that arrest records must be maintained to prevent offenders from participating in the ARD Program more than once. Additional considerations cited by Judge SPAETH which tipped the balance in favor of the accused included the following:

The ARD Program was created, in large part, to keep persons such as this high–spirited college student out of the criminal justice system, to rehabilitate those who are generally law–abiding, and to protect them from lasting

damage because of an isolated, relatively minor infraction of the law. These purposes would be seriously undermined were we to raise procedural barriers to expungement in ARD cases. Moreover, it is likely that an individual enters the ARD Program with the understanding that upon completion he will have earned a clean record. The disappointment of his legitimate expectations may result in a bitterness that will thwart his development of a healthy respect for the law and that is contrary to society's best interests. Finally, were we to raise procedural barriers to expungement in ARD cases, participation in ARD would probably become less attractive, and defendants who face only minor sanctions might well decline to participate; since to have their records expunged they would ultimately have to prove their nonculpability anyway, they might just as well choose trial. Thus the additional purpose of ARD of keeping minor cases out of court would also be undermined.

*Commonwealth v. Briley, supra,* 278 Pa.Super. at 373–374, 420 A.2d at 588.

In the instant case, as in *Briley,* the accused, although held for trial, subsequently, successfully completed the ARD program devised for him. Appellee was twenty years old at the time of the crime and has no prior or subsequent criminal record. He now alleges that as a college graduate with a business degree, his criminal record would hamper him in his future employment opportunities. The Commonwealth, on the other hand, has advanced no particularized, persuasive reason for retention of appellee's record. Rather, it has asserted only its general policy of opposing expunction in all cases wherein the accused was discharged for reasons unrelated to guilt or innocence. We hold that the Commonwealth has not met its burden of proof because the mere assertion of a general interest in maintaining accurate records regarding those accused of crime does not outweigh appellee's specific, substantial interest in clearing his record to facilitate job placement. Moreover, by recommending an accused for ARD, the Commonwealth

agrees that he will be free from criminal responsibility if he successfully completes the ARD program. Therefore, it is likely that the accused enters into this agreement with the understanding that if he successfully completes the ARD program his record will be expunged. Where, as here, the Commonwealth cites no overriding interest in retaining his criminal record, this reasonable expectation of the accused should prevail. The lower court therefore did not abuse its discretion in granting appellee's petition to expunge. Accordingly, we affirm the order of the court below.

Order affirmed.

PRICE, J., dissents.