## Commonwealth v. Pollins

*Glenn S. Coffey, deputy district attorney,* for the Commonwealth.

*R. Bruce Evanick,* for defendants.

CASSIMATIS, *J.,* April 15, 1991—The issue raised in the petition of the above-named defendants to compel ARD reconsideration is whether the district attorney may take into consideration in rejecting an ARD application that the applicant refuses to sign a waiver of expungement of the applicant's record if he satisfactorily completes the ARD probation. Our conclusion is that the district attorney may not consider such refusal.

Testimony was taken concerning 17 of the 21 above cases.[1] From the testimony we find the

---

1. There was no testimony concerning these four cases: *Commonwealth v. Tayne M. Troutman,* 1600 C.A. 1990; *Commonwealth v. David J. Just,* 1871 C.A. 1990; *Common-*

following facts which are pertinent to our disposition of the issue before us.

On May 14, 1990, the district attorney of York County implemented a policy that added a waiver of expungement to the ARD application from York County defendants.[2] He related this came as a result of attending a district attorney's meeting in Philadelphia in February, and the failure of an applicant to sign the waiver is a factor he considers in approving applications.

The district attorney acknowledged in his review of the 17 cases covered in the testimony that in four of them he also considered as a factor in approving ARD applications the failure of the defendant to sign the waiver of expungement.[3] In one of these four

---

wealth v. *Lesa K. Plummer,* 1866 C.A. 1990; *Commonwealth v. Karen Keister,* 2070 C.A. 1990.

2. The waiver reads as follows:

*"Waiver of Right to Expunge"*

"I understand that although the law permits the record of this case to be expunged (completely erased from all records other than the ARD record maintained by the Department of Transportation to determine future suspension periods and the confidential records available to the courts and district attorneys of Pennsylvania to determine prior participation in ARD) upon successful completion of ARD, that the district attorney of York County requires that I waive (give up) any right to expungement of my arrest or citation record in exchange for the prosecutor recommending me for ARD. I hereby waive any right to expungement which I would otherwise have upon successful completion of the ARD program, and agree that upon completion of the ARD program I will only be entitled to a dismissal of the charges against me, and not be entitled to any expungement whatsoever."

3. (1) *Commonwealth v. Steven R. Snead,* 2096 C.A. 1990; (2) *Commonwealth v. Rosita Patterson,* 2518 C.A. 1990; (3) *Commonwealth v. Jerry L. Walker,* 1627 C.A. 1990; (4) *Commonwealth v. Donna M. Walker,* 1626 C.A. 1990.

cases, he could not say without looking at the file if he would have approved the ARD application had the defendant signed the waiver of expungement.[4] However, the district attorney acknowledges in his brief that "[he] admits that the waiver is one of the factors he considers in approving applications."

In none of the letters of rejection to the petitioners does the district attorney enumerate as a reason for not presenting the case for the ARD program the failure of the applicant to sign the waiver of expungement.

A leading case in Pennsylvania on the district attorney's role in the ARD process is *Commonwealth v. Lutz,* 508 Pa. 297, 495 A.2d 928 (1985). These principles are therein stated:

(1) "Admission to an ARD program is not a matter of right but a privilege."

(2) "[T]he decision to submit the case for ARD rests on the sound discretion of the district attorney and absent an abuse of that discretion involving some criteria for admission to ARD wholly, patently, and without doubt *unrelated* to the protection of society and/or the likelihood of a person's success in rehabilitation, such as race, religion, or other such obviously prohibited considerations, the attorney for the Commonwealth must be free to submit a case or not submit it for ARD consideration based on his view of what is most beneficial for society and the offender."

(3) The district attorney must openly specify his "reasons for not submitting a case for ARD, and those reasons while they may be subject to disagreement as to their wisdom [must] not amount to an abuse of discretion."

The case sub judice presents two anomalies:

---

4. *Commonwealth v. Rosita Patterson,* 2518 C.A. 1990.

(1) The district attorney admits that the waiver of expungement is a factor considered in approving applications, yet in none of the written statements to the defendants is it stated as a reason for refusing to present the ARD application.

(2) The district attorney argues that the petitioners' instant petition is not timely presented, as the issues of expungement may only properly be raised upon completion of the program. District attorney's brief, at 4. The district attorney does not explain how a proper completion of the program can be reached if the petitioners are not admitted to the ARD program in the first instance.

Focusing on the issue before us, the propriety of the district attorney considering the failure to sign a waiver of expungement as a permissible factor in determining eligibility for participating in the ARD program, the district attorney argues that his "decision to consider the 'expungement waiver' is justified by his concern of undetected repeat offenders.[5] While expungement after completion of the ARD program may grant the offender a 'clean record,' it opens the door for future offenses in which the person may make application in other counties, suggesting he has no prior record, and such a system *could go* undetected for a time indeterminate." District attorney's brief, at 5.

The district attorney is not asserting that as a matter of general policy he will refuse recommending for ARD every ARD applicant who refuses to

---

5. At oral argument, the district attorney in response to a question from the court acknowledged even where a record of a successful ARD probationer is expunged, a DUI offender's record is kept by both the district attorney and PennDOT to be counted in the event of a later DUI conviction.

sign a waiver of expungement, only that it "is merely one consideration." District attorney's brief, at 6.

The district attorney's expungement policy is thus grounded upon "the protection of society" areas of concern.

"Our Supreme Court in *Lutz* made it clear that the criteria for admission to an ARD program may relate to *either one* of two distinct areas of concern: '[1] the protection of society and/or [2] the likelihood of a person's success in rehabilitation.' *Lutz,* 508 Pa. at 310, 495 A.2d at 935, set forth in context, above. In fashioning his program for admission into ARD, the Bucks County district attorney has chosen to place the emphasis on the protection of society. We are not prepared to declare that the district attorney has abused the discretion lodged in that office when he suspends the prosecution of (and considers recommending for ARD) only that class of drivers not involved in an accident with another occupied vehicle.

"Once it is determined that the general policy bears some rational relationship to the protection of the public, it is improper to consider the manner in which or the degree to which that acceptable policy affects a specific driver." *Commonwealth v. Stranges,* 397 Pa. Super. 59, 579 A.2d 930 (1990).

Applying the above principles to the district attorney's questioned policy, two issues are raised:

(1) Does the district attorney's considering an ARD applicant's failure to sign an expungement waiver constitute a "general policy" so as to bring it within the scope of the *Stranges* case (where the district attorney had a per se rule of denying ARD to a DUI operator involved in a collision with another occupied vehicle). The answer is "no." Instantly, there is obviously no such per se rule.

(2) May the district attorney require or consider the failure of an ARD applicant to sign an expungement waiver in view of the fact that Pennsylvania Rule of Criminal Procedure 189 provides for the court "automatic expungement of defendant's arrest record upon the successful completion of the ARD program unless the district attorney objects and demonstrates overriding societal interest in retaining records of arrest." The answer again is "no."

Our Supreme Court in *Commonwealth v. Armstrong*, 495 Pa. 506, 434 A.2d 1205 (1981), stressed "the policies underpinning the concept of ARD weigh heavily in favor of expungement." In *Armstrong*, the ARD probationer was a first offender charged with theft by deception. She was admitted to and successfully completed the ARD program, whereupon she petitioned the Bucks County Court of Common Pleas to expunge her arrest record. The evidence at the expungement hearing included that she was first in line for a job; and her employment application was not acted on because her arrest record precluded her ability to be "bonded," a prerequisite for the position. The Commonwealth presented no evidence. The hearing court denied the expungement petition. The Superior Court affirmed. The Supreme Court reversed.

" '[T]he mere assertion of a general interest in maintaining accurate records regarding those accused of crime does not outweigh . . . [a] specific substantial interest in clearing . . . [one's] record.' [*Commonwealth v. Wexler*, 494 Pa. 325, 431 A.2d 877 (1981)], quoting *Commonwealth v. Welford*, 279 Pa. Super. at 302, 420 A.2d at 1345." *Armstrong, supra.*

The Supreme Court then went on to explain the significance of expungement in the policies underlying ARD:

"Furthermore, both the hearing court and the Commonwealth have failed to recognize that the policies underpinning the concept of ARD weigh heavily in favor of expungement here. ARD was established pursuant to Rules 175-185 of the Pennsylvania Rules of Criminal Procedure promulgated by this court on May 24, 1972. In the comment accompanying Rule 185, the Criminal Procedural Rules Committee noted that the program was designed to dispose promptly of relatively minor cases involving social or behavioral problems 'which can best be solved by programs and treatments rather than by punishment.' Pa.R.Crim.P., Rule 185 comment. Although legal defenses may be available in many of the cases selected for ARD which would result in acquittal or delay if tried, the program is attractive to many defendants because it provides them with an opportunity to 'earn a clean record. . .' Id. Indeed, the fundamental appeal of ARD for first-time offenders is the avoidance of a criminal record. Thus, to refuse expungement to those who successfully complete ARD would seriously deter participation in the program, undermine its rehabilitative purposes, and impose additional strain on the judicial system by eliminating prompt disposition of numerous minor charges." *Armstrong, supra.*

Based on the statement of the strong significance of expungement in the ARD process, we hold that the district attorney:

(1) may not take into consideration in deciding whether to recommend an ARD applicant that the applicant has signed or refuses to sign a waiver of expungement, and

(2) may on a case-by-case basis oppose expungement of an ARD probationer's record at the hearing on that issue after the successful completion of the ARD probation.

Since the district attorney indicates that "the waiver is one of the factors he considers in approving applications," we hold that the 21 cases[6] before us should be returned to the district attorney for reconsideration of their approval for presentation to the court without considering the waiver as one of the factors. Further, as the waiver may not be considered, we conclude it should not be presented to ARD applicants for consideration. .

Accordingly, we enter the following

## ORDER

And now, April 15, 1991, pursuant to the foregoing opinion, it is ordered and decreed as follows:

(1) The ARD applications in the above 21 cases are returned to the district attorney for reconsideration of their approval for presentation to the court without considering the waiver of expungement as one of the factors in such reconsideration, and

(2) the waiver of expungement shall not be submitted by the district attorney to ARD applicants for consideration in submitting the ARD application.

The Clerk of Courts shall provide notice of the entry of this order as required by law.

---

6. As the district attorney admits he considers it in all applications before him, we extend the scope of this opinion and order to the 21 cases before us and not simply the 17 on which specific testimony was taken.