## Commonwealth v. Coston

C.P. of Lehigh County, nos. 344-M/1994, 3420/1991.

*A. Renee Smith, assistant district attorney,* and *Robert L. Steinberg, district attorney,* for the Commonwealth.
*William P. Wismer, assistant public defender,* and *Robert Long, chief public defender,* for defendant.

BRENNER, *J.,* June 9, 1995—On September 26, 1991, defendant, Kevin Coston, was arrested and charged with driving under the influence of alcohol in case number 3420/1991. Ultimately, upon motion of the district at-

torney's office he was placed on the Accelerated Rehabilitative Disposition Program on August 12, 1992. By order dated July 15, 1993, after Mr. Coston's successful completion of the A.R.D. program, our colleague the Honorable William E. Ford dismissed the charges against him and discharged him. Presently before the court is defendant's pro se petition for expungement of his arrest record. For the reasons which follow we grant defendant's petition.

## FACTS

After hearing we make the following findings of fact:

On August 12, 1992, defendant was placed on the A.R.D. program for a period of 12 months upon motion of the district attorney's office before our colleague the Honorable William E. Ford. Defendant was not represented by counsel at this A.R.D. hearing and was placed on the program at the same time as approximately 30 other defendants.

The underlying charge which precipitated Mr. Coston's placement on the A.R.D. program was a first offense DUI charge. On July 15, 1993, the criminal charges against defendant were dismissed due to his successful completion of the A.R.D. program. As a result of his placement on the A.R.D. program defendant not only had to pay the cost of the proceedings he also lost his driver's license and lost his job. Subsequently, defendant was able to secure a job at Cigna Insurance Company as an environmental investigator. His job at Cigna requires extensive travel. Presently, his job at Cigna may be in jeopardy because upon doing a background check the company has found out about his DUI charge. Defendant has pe-

titioned the court for expungement because upon completing his A.R.D. requirements he was informed by the administrators of the A.R.D. program in Philadelphia he would have his records expunged as a matter of course.

At the expungement hearing the only evidence presented by the Commonwealth as to why expungement should not be granted was the fact that defendant prior to being admitted to the A.R.D. program signed a waiver of expungement. In fact, it is the district attorney's policy that the signing of a waiver of expungement is a prerequisite to being admitted to the A.R.D. program. Defendant acknowledged his signature upon the A.R.D. waiver form; he however indicates that he remembers signing numerous papers on that day and does not recall if he read the paragraph relating to expungement of records.

## DISCUSSION

In ruling upon defendant's petition for expungement, we are guided by the following principles:

"policy considerations underlying A.R.D. mandate that unless the Commonwealth demonstrates an overriding societal interest in retaining that record, expungement must be granted . . .

"(i)n determining whether justice requires expungement, the court, in each particular case, must balance the individual's right to be free from the harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records . . . some of the factors that must be considered in making such a determination . . . include the strength of the Commonwealth's case against the petitioner, the reasons the Commonwealth gives for wishing to retain the records,

the petitioner's age, criminal record and employment history, the length of time that has elapsed between the arrest and the petition to expunge, and the specific adverse consequences the petitioner may endure should expunction be denied." *Commonwealth v. Armstrong,* 495 Pa. 506, 508, 510, 434 A.2d 1205, 1206, 1207 (1981). (citations omitted)

In the instant case, the only evidence presented by the Commonwealth at the expungement hearing in opposition to defendant's petition was that defendant prior to being placed on the A.R.D. program executed a waiver of expungement.[1] In fact, it is the Lehigh County District Attorney's policy that prior to any defendant being placed on the A.R.D. program he or she must waive expungement. The district attorney's office maintains that the decision to submit a case for admission to the A.R.D. program rests in the sound discretion of the district attorney and that absent an abuse of discretion the district attorney's

---

1. Defendant signed an A.R.D. waiver of rights form on August 12, 1992. This form is a four page document with eight enumerated paragraphs. Paragraph seven relates to the waiver of expungement and reads as follows:

"I understand that although the law permits the record of this case to be expunged (completely erased from all records other than the A.R.D. record maintained by the Department of Transportation and the confidential records available to the courts and district attorneys of Pennsylvania to determine prior participation in A.R.D.) upon successful completion of A.R.D., that the District Attorney of Lehigh County requires that I waive (give up) any right to expungement of my arrest record in exchange for the prosecutor recommending me for A.R.D. I hereby waive any right to expungement which I would otherwise have upon successful completion of the A.R.D. program, and agree that upon completion of the A.R.D. program I will only be entitled to a dismissal of the charges against me, and not be entitled to any expungement whatsoever."

decision should not be overturned. While we are mindful that a defendant's admission to the A.R.D. program is at the discretion of the district attorney, we hasten to note that defendant's admission to the A.R.D. program is not directly at issue.

At issue is the expungement of the defendant's record after having been admitted to the A.R.D. program and successfully completing it. Hence the principles outlined at the outset govern our review. Within this context the Commonwealth maintains that although the law permits expungement a defendant may waive his right to expungement just as a defendant may waive his right to counsel. The Commonwealth contends further that requiring a waiver of expungement to be executed as a condition to being placed on the A.R.D. program serves to protect society in that repeat offenders are thereby tracked to safeguard the community. We disagree.

The Commonwealth's stance on this issue fails to recognize the underlying principles behind the A.R.D. program. The A.R.D. program was designed to "eliminate the need for lengthy motions, trials and other court proceedings, in cases which are relatively minor or which involve social or behavioral problems which can best be solved by programs and treatments rather than by punishment." See *Armstrong, supra* at 507-508 n.1, 434 A.2d at 1205 n.1. "The primary purpose of this program is the rehabilitation of the offender." Pa. R.Crim.P. 160 (Committee Introduction). "The program is intended to encourage offenders to make a fresh start after participation in a rehabilitative program and offers them the possibility of a clean record if they successfully complete the program." *Id.* "Thus, to refuse expungement to those who successfully complete A.R.D. would seriously deter par-

ticipation in the program, undermine its rehabilitative purposes, and impose additional strain on the judicial system by eliminating prompt disposition of numerous . . . charges." *Armstrong, supra* at 512, 434 A.2d at 1208.

The Supreme Court has made clear that expungment is an integral aspect of the A.R.D. process and of substantial importance. In *Armstrong,* the court held that the right to petition for expungement is adjunct to due process and is not dependent upon express statutory authority.[2] *Armstrong, supra* at 509, 434 A.2d at 1206. The court further underscored the importance of expungement by commenting at length on the harm an individual may suffer as a result of the Commonwealth's retention of an arrest record noting that:

"The harm ancillary to an arrest record is obvious: Information denominated a record of arrest, if it becomes known, may subject an individual to serious difficulties. Even if no direct economic loss is involved, the injury to an individual's reputation may be substantial. Economic losses themselves may be both direct and serious. Opportunities for schooling, employment, or professional licenses may be restricted or nonexistent as a consequence of the mere fact of an arrest, even if followed by acquittal or complete exoneration of the charges involved. An arrest record may be used by the police in determining whether subsequently to arrest the individual concerned, or whether to exercise their discretion to bring formal charges against an individual already arrested. Arrest records have been

---

2. The Supreme Court further acknowledged expungement as integral to the A.R.D. program in promulgating Pa.R.Crim.P. 186(a) which requires automatic expungement unless objected to by the Commonwealth.

used in deciding whether to allow a defendant to present his story without impeachment by prior convictions, and as a basis for denying release prior to trial or an appeal; or they may be considered by a judge in determining the sentence to be given a convicted offender." *Armstrong, supra* at 509-10, 434 A.2d at 1207. (citations omitted)

It is primarily for these reasons that the courts of this Commonwealth have consistently held that "the mere assertion of a general interest in maintaining accurate records regarding those accused of crime does not outweigh . . . [a] specific, substantial interest in clearing . . . [one's] record. . . ." *Commonwealth v. Welford,* 279 Pa. Super. 300, 303, 420 A.2d 1344, 1345 (1980); *Commonwealth v. Wexler,* 494 Pa. 325, 335, 431 A.2d 877, 882 (1981).

Based upon the underpinnings of the A.R.D. program and the *Armstrong* decision we are constrained to find that the waiver procedure employed in this case, however unintentional, circumvented a right of substantial importance. In essence the district attorney's office by adopting this general procedure has instituted a policy which neglects to make an individual selective examination of whether there is an overriding societal interest calling for waiver of expungement rights. See *e.g., Cain v. Darby Borough,* 7 F.3d 377 (3rd Cir. 1993) (district attorney's office blanket policy of requiring release dismissal agreements from civil rights suits for A.R.D. candidates held to be improper). See also, *Commonwealth v. Pollins,* 10 D.&C.4th 530 (1991) (refusal to sign a waiver of expungement may not be considered as one of the factors for admission into the program); See also, *Commonwealth v. Patuka,* 45 Lehigh L.J. 740 (1994). (Our colleague the Honorable William E. Ford held that the district attorney's generalized policy of requiring a waiver of expungement for admission into

the A.R.D. program does not rise to the level of an overriding societal interest which justifies denial of an expungment petition.)

We note that inherent in the district attorney's policy are dangers which do not accompany other waiver procedures. Under the district attorney's waiver policy defendants do not undergo full verbal colloquies before a court. These dangers are particularly apparent in a case such as this where the defendant was unrepresented and placed on the A.R.D. program at the same time with approximately 30 other defendants. We note further that defendant's interest in expunging this first offense DUI charge is substantial as his record may have a bearing on his employment status. Defendant's interest definitively outweighs any interest of the Commonwealth in maintaining accurate records, particularly in light of the fact that the Commonwealth within the waiver form itself acknowledges that it has access to certain confidential records to determine prior participation in A.R.D.

To deny expungement in this case would be entirely antithetical and contrary to the concept and purpose of the A.R.D. program envisioned in the Rules of Criminal Procedure. The A.R.D. program was initially instituted in 1972 to give a first offender of a nonviolent crime another chance placing him on the road to rehabilitation and giving him a respect for the law and the criminal justice system. In this case the defendant successfully completed the A.R.D. program. As a result of his placement on the A.R.D. program defendant not only had to pay the cost of the proceedings he also lost his driver's license and lost his job. He acknowledges his past mistake and he now has secured a new job at Cigna Insurance in Brandywine, Delaware as an environmental investigator. Because of this record

his present job is threatened. The district attorney cited no other reason to deny the expungement other than the signed waiver. It is important that the Rules of Criminal Procedure be uniformly enforced throughout the Commonwealth and to give effect to the waiver in this instance would be violative of due process and a manifest injustice.

For the reasons stated above, we grant defendant's petition for expungment. In so holding we are in no way indicating that expungement is always appropriate and may not be challenged. Indeed, there may be cases where expungement is inappropriate and pursuant to Rule 186(b) a selective waiver be challenged. See *e.g., Commonwealth v. Cohen,* 395 Pa. Super. 536, 577 A.2d 920 (1990); *Commonwealth v. McKee,* 357 Pa. Super. 332, 516 A.2d 6 (1986).

## ORDER

Now, June 9, 1995, upon consideration of the briefs and oral arguments, and for the reasons set forth in the accompanying opinion, it is ordered that defendant's petition to expunge criminal records is granted.