NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1294
_____

SANTIAGO FERNANDEZ,
                                        Appellant

v.

CITY OF ELIZABETH, CITY OF ELIZABETH POLICE DEPARTMENT, MICHAEL
GONZALEZ, RAOUL DELAPRIDA, individually; MICHAEL NEWINSKI,
individually; JENNIFER PEREZ, individually; ANTHONY GURAL, individually;
FRANK INDROVA, individually; JOHN DOE, Fictitious Name; RICHARD ROE,
Fictitious Name; FRANK FOE, Fictitious Name; JANE DOE, Fictitious Name; ABC
COMPANY, Fictitious Name; XYZ CORPORATION
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civ. Action No. 2-07-cv-01436)
District Judge:  Honorable Katharine S. Hayden
_____

Submitted Under Third Circuit LAR 34.1(a)
January 23, 2012
_____

Before: FISHER, GREENAWAY, JR., *Circuit Judges* and JONES[*], *District Judge*.
(Opinion Filed: March 15, 2012)
_____

OPINION
_____

_____

* Hon. John E. Jones III, District Judge, United States District Court for the Middle
District of Pennsylvania, sitting by designation.

GREENAWAY, JR., *Circuit Judge.*

Appellant Santiago Fernandez ("Fernandez") appeals the January 5, 2011 Order of the District Court for the District of New Jersey, dismissing his complaint against Appellees.[1] Fernandez was indicted in New Jersey state court for possession of a weapon for an unlawful purpose, unlawful possession of a weapon and aggravated assault against a police officer. Fernandez applied for and was permitted to enter the Pre-Trial Intervention program ("PTI").[2] Upon his successful completion of the program, Fernandez filed a complaint against Appellees, based on the events arising from his arrest. In his complaint, Fernandez alleged violations under 42 U.S.C. § 1983, as well as state law claims of excessive force, assault and battery, false imprisonment, intentional infliction of emotional distress, negligent supervision, negligent hiring, negligent training and retention of police officers by the city and police department under state and federal law, and vicarious liability. The District Court dismissed Fernandez's complaint, concluding that his participation in the PTI program constituted an unfavorable

---

[1] Appellees include the City of Elizabeth, the City of Elizabeth Police Department, Michael Gonzalez, Raoul Delaprida, individually; Michael Newinski, individually; Jennifer Perez, individually; Anthony Gural, individually; Frank Indrova, individually; John Doe, Fictitious Name; Richard Roe, Fictitious Name; Frank Doe, Fictitious Name; Jane Doe, Fictitious Name; ABC Company, Fictitious Name; and XYZ Corporation.

[2] The New Jersey PTI program is a state-wide program which serves as "an alternative to criminal prosecution in cases that are deemed by the Court to be less deserving of formal prosecution. PTI is ordinarily limited to "persons who have not previously been convicted of any criminal offense under the laws of New Jersey, or under any criminal law of the United States, or any other state when supervisory treatment would: (1) Provide applicants, on an equal basis, with opportunities to avoid ordinary prosecution by receiving early rehabilitative services or supervision; . . . ." N.J. Stat. § 2C:43-12(a)(1). The PTI program is available regardless of purported conditions or claims of innocence. N.J. Stat. Ann. § 2C:43-12(g).

termination of his criminal proceeding. For the following reasons, we will affirm the District Court's order of dismissal.

## I. BACKGROUND

We write primarily for the benefit of the parties and shall recount only the essential facts. On March 7, 2005, police officers responded to a 911 "suicide by medication" call made by Fernandez's mother, who stated that he had ingested three bottles of pills. The responding officers were Delaprida, Gonzalez, Newinski, Perez, Idrovo, and Gural.[3] According to the responding police officers, Fernandez's son opened the door to speak with the police. Once Fernandez realized that the officers were in his basement apartment, he yelled for them to get out, stating that he wanted to be left alone and wanted to die. After the officers entered the apartment, they found Fernandez in his bedroom, lying on the bed with a knife in his right hand, with the tip pointed at his chest. As the officers attempted to talk with Fernandez, he continued to yell and began to cut both his chest and wrist. He then stood up, still holding the knife and began rocking back and forth. He reportedly moved closer to one of the officers, while still holding the knife. Officer Delaprida fired a short burst of O.C. spray (mace) at Fernandez's face and attempted to disarm him by striking him twice on the wrist with a flashlight. The attempts to disarm Fernandez were unsuccessful. In fact, Fernandez lunged at Officer

---

[3] Officers Newinski, Perez, Idrovo, and Gural were responding as backup officers and did not commit the acts in question here. Because we ultimately determine that Fernandez's complaint is precluded based on the bar established in Heck, any claims against these officers are also precluded and were properly dismissed by the District Court.

3

Delaprida, but was shot twice by Officer Gonzalez.  After Fernandez dropped the knife, the officers placed him in handcuffs and paramedics treated him for gunshot wounds and other injuries.

According to Fernandez's account of the events, the police, responding to a 911 call at his home, woke him and cornered him in his bedroom.  Fernandez then picked up a kitchen knife and threatened to kill himself.  Fernandez alleged that the police officers hit him with a flashlight, maced him, and shot him.  These particular facts are consistent with those provided by the Appellees.  However, Fernandez argues that he never lunged or made any move toward the police, and never held the knife in the air.  He states that as a result of the attack by the police, he suffered multiple serious injuries, including amputation of his leg above the knee.

Fernandez was indicted and charged with possession of a weapon for an unlawful purpose, unlawful possession of a weapon, and aggravated assault on Officer Delaprida. Instead of trial, Fernandez applied to, and was accepted into, New Jersey's PTI.[4]  After he successfully completed the PTI program requirements, the criminal charges against him were dismissed.

---

[4] Although Fernandez asserts that he entered the PTI program under the conditions that he could maintain his innocence on all charges and that his civil claims against the police would remain unaffected, we find no evidence that these conditions were a quid pro quo or condition precedent to Fernandez entering the program.

On March 5, 2007, Fernandez filed a lawsuit against the Appellees, alleging that they violated 42 U.S.C. § 1983, along with a variety of state law claims.[5]

Appellees moved for summary judgment, based upon qualified immunity. The District Court denied the motion and noted that there was an issue of fact regarding whether or not Fernandez threatened or attempted to injure Officer Delaprida with the knife before he was shot by Officer Gonzalez. The District Court indicated that the differences in the sequence of events regarding Fernandez's actions while holding the knife created a genuine dispute as to a material fact. Appellees appealed the denial of summary judgment to this Court, which dismissed the appeal due to lack of jurisdiction and remanded the case to the District Court for trial.

Trial was scheduled for January 4, 2011. Prior to trial, Appellees raised the issue that, under Heck v. Humphrey, 512 U.S. 477 (1994), Fernandez was barred from pursuing his civil action claim due to his participation in the PTI program. Instead of trial, on January 4, 2011, the Court held a hearing focused on the validity of Appellees' Heck defense. However, Fernandez's counsel apparently expected the hearing to focus on the PTI. After realizing that the PTI was not the focus of the hearing, Fernandez's counsel requested a stay until the PTI file was produced by Appellees, as he had requested. He also moved to supplement the record to include the PTI file. Counsel's request for a stay and his request to supplement the record were both denied. After oral

---

[5] Fernandez's case was originally filed in the New Jersey Superior Court, Union County, and was subsequently removed to the U.S. District Court for the District of New Jersey.

argument, the District Court dismissed the complaint, based upon Fernandez's participation in the PTI program, concluding that it constituted, pursuant to Heck, an unfavorable termination of his criminal proceeding.

Fernandez filed a timely notice of appeal.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction, pursuant to 28 U.S.C. § 1331. We have jurisdiction, pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. Grier v. Klem, 591 F.3d 672, 676 (3d Cir. 2010). "In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (citation omitted).

## III. ANALYSIS

Heck controls whether Fernandez's § 1983 claim shall survive. Under Heck, the Supreme Court held that:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state

6

> prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck, 512 U.S. at 486-87.

Accordingly, we must determine whether the dismissal of criminal charges against Fernandez under the PTI program constituted a "favorable" termination of the criminal charges against him.  If it did not, Heck precludes consideration of his § 1983 claim.

The New Jersey PTI program is a state-wide program which serves as "an alternative to criminal prosecution."  Davis v. Grusemeyer, 996 F.2d 617, 620 (3d Cir. 1993), *overruled on other grounds* by Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644 (3d Cir. 1998).  The program allows proceedings against an indictee to be postponed for up to three years.  During the three year period, the indictee is enrolled in a rehabilitation program.  If the program is successfully completed, the Court may dismiss the indictment.  On the other hand, if the conditions of the program are breached, the prosecution is reinstated.  Id. at 620 (internal citations omitted).

Fernandez insists that the District Court erred in concluding that his participation in, and completion of, the PTI program was an "unfavorable" termination, pursuant to Heck, which barred him from pursuing his § 1983 claim against Appellees.

7

The essential inquiry here is whether Fernandez's participation in the PTI program was a favorable termination of his criminal charges. Wallace v. Kato, 549 U.S. 384, 398 (2007). We have spoken on this issue regarding a program in Pennsylvania very similar to New Jersey's PTI program. In Gilles v. Davis, 427 F.3d 197, 210 (3d Cir. 2005), we applied the rationale in Heck and held that a plaintiff generally cannot maintain a § 1983 action unless the "termination of the prior criminal proceeding [was resolved] in favor of the accused." (Citation omitted.)

The program involved in Gilles was the Accelerated Rehabilitative Disposition Program ("ARD"). It is designed to rehabilitate offenders and dispose of minor criminal charges. See Pa. Crim. R. 160-86 & Committee Introduction. ARD focuses on first time offenders charged with minor crimes, who may be receptive to treatment and rehabilitation. See Commonwealth v. Armstrong, 434 A.2d 1205, 1205-06 (Pa. 1981).

In Gilles, we held that participation in Pennsylvania's ARD program is not a favorable termination under Heck because "the ARD program imposes several burdens upon the criminal defendant not consistent with innocence, including a probationary term, "restitution . . . imposition of costs, and imposition of a reasonable charge relating to the expense of administering the program, and such other conditions as may be agreed to by the parties." See Gilles, 427 F.3d at 211 (internal citation omitted). In addition, "probation constitutes an "unfavorable" period of judicially imposed limitations on freedom in which the probationer's violation of the program's terms may result in criminal prosecution." Id. (internal citation omitted).

8

Based on our analysis of precedent and the apparent similarities between pre-trial intervention programs generally and the ARD program, we believe ARD is substantially similar to New Jersey's PTI program. Hence, we find that the District Court did not err in ruling that Fernandez's participation in the PTI program, and the subsequent dismissal of the charges against him was not a favorable termination.

Fernandez poses several ancillary arguments, none of which carry the day. Fernandez argues that the <u>Heck</u> bar applies only to convictions, not to PTI. (Appellant's Br. at 6.) This argument has no merit. <u>Gilles</u> is clear. Convictions are not the critical prerequisite. Fernandez's claims are properly dismissed.

Fernandez also argues that Appellees' defense - - that Fernandez's § 1983 claim was barred under <u>Heck</u> - - was itself time barred. We disagree. The District Court stated that a <u>Heck</u> motion could be brought at the close of plaintiff's case, and that the issue of whether plaintiff's complaint was barred by the principles of <u>Heck</u> and its progeny was not time barred. <u>See</u> Appendix, Vol. II, 223a. The District Court stated, and we concur, that "[i]t can never be too late to discuss whether or not institutionally, procedurally, substantively, events have taken place that would make it impossible to bring this lawsuit." <u>Id.</u>

We find that the District Court correctly held that the <u>Heck</u> defense was not time barred. We agree with the District Court's statement regarding the timeliness of the <u>Heck</u> defense. <u>See</u> <u>Smith v. Wambaugh</u>, 87 F.3d 108, 111 (3d Cir. 1996) (<u>Heck</u> appropriately applied to preclude suit even when invoked three days after the District Court's grant of

9

summary judgment).

Fernandez additionally argues that the District Court applied retroactive non-binding case law when it applied Heck. This argument also lacks merit. The District Court was informed by Supreme Court precedent and our own precedent. There is no error here.

**State Causes of Action**

In addition to his § 1983 claim, Fernandez asserted a number of state law claims against the police officers, the city and the police department. The standard of review for §1367(c) matters is abuse of discretion. Carlsbad Tech., Inc. v. HIF Bio, Inc., 129 S. Ct. 1862, 1867 (2009).

Fernandez argues that the District Court abused its discretion when it dismissed his state claims against the police. However, pursuant to 28 U.S.C. § 1367(c):

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(c).

The District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over the state law claims once the federal cause of action was dismissed.[6]

---

[6] Fernandez also argues that the District Court's dismissal of his complaint was against the public policy and the goals of PTI. Under N.J. Stat. Ann. § 2C:43-12, the public

10

**IV.  CONCLUSION**

For the aforementioned reasons, we will affirm the District Court's January 5, 2011 Order dismissing Fernandez's § 1983 claim and his state law claims.

---

policy behind the PTI program is to allow certain criminal defendants access to supervisory treatment, and to enable such offenders to avoid prosecution by receiving early rehabilitative services.  See State v. Watkins, 940 A.2d 1173, 1176 (N.J. 2008) ("The primary purpose of [PTI] is to assist in the rehabilitation of worthy defendants, and in the process, to spare them the rigors of the criminal justice system").  Fernandez enjoyed the benefits of the PTI program.  The dismissal of his § 1983 claim is not antithetical to public policy or the goals of the program.