J. A18002/15

2015 PA Super 197

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                               :        PENNSYLVANIA
            v.                 :
                               :
PAMELA JO BALDWIN,             :        No. 1812 MDA 2014
                               :
            Appellant          :


Appeal from the Order Entered September 26, 2014,
in the Court of Common Pleas of York County
Criminal Division at No. CP-67-CR-0003948-2011


BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND MUSMANNO, JJ.


OPINION BY FORD ELLIOTT, P.J.E.:        **FILED SEPTEMBER 16, 2015**

Appellant, Pamela Jo Baldwin, appeals from the order of the Court of Common Pleas of York County entered on September 26, 2014, which denied appellant's Petition to Direct Expungement of Case Pursuant to Accelerated Rehabilitative Disposition ("ARD"). We reverse.

On May 17, 2011, Pennsylvania State Police charged appellant with theft by unlawful taking pursuant to 18 Pa.C.S.A. § 3912(A). On July 15, 2011, appellant filed an ARD application with the York County District Attorney's Office. On October 25, 2011, appellant was formally accepted into the ARD program with a 12-month term of probation supervision. The trial court imposed conditions of the ARD program including, ***inter alia***, that appellant perform 35 hours of community service and pay costs, fees, and restitution. (Docket #8.)

On September 26, 2012, the York County Adult Probation and Parole Department ("Probation Department") filed an ARD violation petition pursuant to Pa.R.Crim.P. 318. The Probation Department alleged that appellant failed to pay costs, fees, and restitution and comply with her condition of community service.[1]  A hearing was held on December 27, 2012.  Appellant's counsel stated that appellant was starting a new job in two weeks and would start making payments at that time.  The trial court ordered that appellant's "period of supervision be extended 12 months." (Order, 12/27/12 at 1.)  The extension was granted from the date of the hearing.  The period of supervision was modified to expire on December 26, 2013.[2]

On December 3, 2013, the Probation Department filed a second ARD violation petition due to appellant's continued failure to pay costs, fees, and restitution.  The Probation Department averred that appellant's most recent payment was on July 24, 2013, and that appellant owed a balance of $1,208.78.  A hearing was held on January 29, 2014.  Immediately prior to the hearing, appellant paid her costs and restitution in full.  The Probation

---

[1] The initial 12-month period of supervision was set to expire on October 25, 2012.

[2] The trial court has acknowledged in hindsight that it should not have extended the ARD supervision for another year from December 27, 2012, since that effectively made the period of supervision longer than the two years permitted under Pa.R.Crim.P. 316(B).  (Trial court opinion, 1/8/15 at 2.)

Department verbally moved to withdraw the violation petition. The trial court granted the Probation Department's request to withdraw the violation petition and authorized the Department to close the case. (Order, 1/29/14 at 1.) The assistant district attorney for the Commonwealth was present at that hearing and did not object to dismissal of the charges. There was no request by any party that the ARD program be "terminated" or any suggestion that the Commonwealth intended to proceed on the charges under Pa.R.Crim.P. 318 as a result of condition violations.

After the hearing, appellant contacted the Probation Department and requested expungement of her arrest record. The Probation Department refused because appellant did not complete the ARD program within the two-year limit set forth in Pa.R.Crim.P. 316(B), which provides that: "[t]he period of such [ARD] program for any defendant shall not exceed two years." According to the Probation Department, the two-year period imposed by Pa.R.Crim.P. 316(B) expired on October 25, 2013, two years from the date appellant was first placed on ARD. The Probation Department determined that appellant's failure to complete the program within two years effectively removed her from the purview of ARD such that she was not qualified for automatic expungement.

On April 29, 2014, appellant filed a petition to direct expungement of case. The petition was served on the assistant district attorney for the Commonwealth. The Commonwealth did not file objections to the

expungement. A hearing was held on June 24, 2014. The assistant district attorney for the Commonwealth was present at the hearing and did not object to the expungement. In fact, according to the Commonwealth, "because [the] Probation [Department] withdrew the violation, it was treated as if she did, if fact, pay everything off within the two years." (Hearing transcript, 6/24/14 at 2.)

The trial court nevertheless believed it was authorized to consider the "objections" of the Probation Department and "exercise its discretion" to deny expungement. By order dated September 26, 2014, the trial court denied appellant's petition for expungement.

> [T]he rule on expungement does not make expungement automatic if there are objections, which indicates that despite the mandatory language contained in Rule 320(A), the court still maintains discretion in granting or denying expungement.
>
> . . . .
>
> [T]he Defendant did not complete the ARD program in the allotted two year time frame as required by Rule 316(B)…Because the Defendant failed to complete her ARD conditions within two years, we concluded that she did not 'successfully' complete the program, and therefore, should not benefit from expungement of her record pursuant to the rules governing the ARD program.

Trial court opinion, 9/26/14 at 3-4.

On appeal, appellant raises two issues:

> 1. Whether the trial court erred as a matter of law when it denied Appellant's request for an expungement when the trial court closed

Appellant's ARD case and expungement is mandatory pursuant to Pa.R.Crim.P. 320(A) under the circumstances?

2.      Whether the trial court erred as a matter of law when it denied Appellant's request for expungement absent an objection from the 'attorney for the Commonwealth,' the only party with authority to object to an ARD expungement under Pa.R.Crim.P. 319 and Pa.R.Crim.P. 320(B)?

Appellant's brief at 4.

Appellant first contends that the trial court was required to order automatic expungement of her arrest record at the time it ordered the dismissal of the charges. We agree.

It is undisputed that, notwithstanding the amount of time it took for appellant to complete the ARD program, appellant's case was disposed of under the ARD program.[3] Pa.R.Crim.P. 320 provides:

---

[3] As the trial court pointed out, neither party followed the correct procedure to dismiss the charges, to expunge appellant's arrest record, or to make objections. (Trial court opinion, 9/26/14 at 3.) Indeed, the Probation Department's oral request to withdraw violation petition at the January 29, 2014 hearing, and the trial court's grant of said request, obviated the need for appellant to file a formal motion for dismissal of the charges pursuant to Pa.R.Crim.P. 319, which provides:

When the defendant shall have completed satisfactorily the program prescribed and complied with its conditions, the defendant may move the court for an order dismissing the charges. This motion shall be supported by affidavit of the defendant and by certification of the agency or person charged with supervising the defendant's program, if any. A copy of the motion shall be served on the attorney for the Commonwealth who

> (A) When the judge orders the dismissal of the charges against the defendant, <u>the judge also shall</u> order the expungement of the defendant's arrest record, subject to the provisions of paragraph (B). The expungement order shall contain the same information that is required in Rule 490(C) in summary cases and Rule 790(C) in court cases. (Emphasis added.)
>
> (B) If <u>the attorney for the Commonwealth</u> objects to the automatic expungement, the objections shall be filed with the judge, together with the objections to dismissal, if any, within 30 days after service of a motion for dismissal under Rule 319, and copies of the objections shall be served on the defendant or the defendant's attorney. (Emphasis added.)
>
> (C) If the objections are filed, the judge shall hold a hearing on the objections, affording all parties the opportunity to be heard.

We find the language of Pa.R.Crim.P. 320 to be clear and unambiguous in its terms. The rule straightforwardly indicates that automatic expungement is mandatory when a judge orders the dismissal of charges against the defendant upon completion of ARD. The only exception is when

---

shall within 30 days after service advise the judge of any objections to the motion, serving a copy of such objections on the defendant or the defendant's attorney. If there are no objections filed within the 30-day period, the judge shall thereafter dismiss the charges against the defendant. If there are objections filed with regard to the dismissal of the charges, the judge shall proceed as set forth in Rule 318.

"the attorney for the Commonwealth objects to the automatic expungement."

Instantly, the trial court's January 29, 2014 order, dismissing the charges against appellant pursuant to an ARD program, did not contemporaneously order the expungement of appellant's arrest record. This was error. The trial court was required to order the expungement of appellant's arrest record at the time it ordered the dismissal of the charges pursuant to the mandatory language of Pa.R.Crim.P. 320(A).

The trial court bases its determination to deny expungement on the objections of the Probation Department that appellant had not completed ARD within two years pursuant to Rule 316. However, such an objection would go to whether appellant successfully completed ARD such that dismissal under Rule 319 should not be granted. In this case, the Probation Department withdrew its objection to the dismissal of the charges and the trial court did in fact dismiss the charges based on completion of ARD. Nothing in Rule 320 on expungement allows for court discretion upon completion of ARD and the dismissal of the charges pursuant thereto unless as discussed **supra**, the Commonwealth objects to expungement based on "an overriding societal interest in retaining the record." **Commonwealth v. Armstrong**, 434 A.2d 1205 (Pa. 1981). Clearly, no such objection was made by the Commonwealth in this case.

Moreover, the trial court, with the approval of the assistant district attorney for the Commonwealth and the Probation Department, extended the time within which appellant was permitted to comply with her ARD program conditions beyond the two-year limit. The assistant district attorney for the Commonwealth and appellant's probation officer were at the hearing when the extension was granted but neither objected to or raised any concerns about violations of the Rule 316(B) two-year time limit. At no time was appellant made aware that her right to expungement would be compromised as a result of the extension. It would be unconscionable to punish appellant and entertain the Probation Department's objections on these grounds when: (1) the Probation Department itself was instrumental in bringing about the very violation of which it now complains; and (2) the Commonwealth's attorney did not object to the automatic expungement.

In sum, automatic expungement was mandatory in this matter. The trial court's January 29, 2014 order, dismissing the charges after the violation allegation was withdrawn, effectively resolved the case as an ARD disposition. Pa.R.Crim.P. 320 unambiguously provides that when the judge orders dismissal of the charges upon successful completion of the ARD conditions, the judge must also order the expungement of the defendant's arrest record. The trial court abused its discretion when it failed to order automatic expungement and considered objections of the Probation

Department and denied expungement absent an objection by the Commonwealth's attorney.

The order of the trial court is reversed, and the case is remanded to the trial court with instructions to enter an order expunging the record of appellant's arrest. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/16/2015</u>