516 A.2d 6

COMMONWEALTH of Pennsylvania, Appellant,

v.

Robert B. McKEE. (Two Cases)

Superior Court of Pennsylvania.

Argued June 24, 1986.

Filed Aug. 25, 1986.

Reargument Denied Oct. 20, 1986.

Stuart B. Suss, Assistant District Attorney, West Chester, for Com., appellant.

Kathleen J. Boyer, Assistant Public Defender, West Chester, for appellee.

Before MONTEMURO, JOHNSON and CERCONE, JJ.

CERCONE, Judge:

These consolidated Commonwealth appeals are from two orders of the Court of Common Pleas of Chester County expunging all records possessed by all agencies of government with respect to appellee Robert B. McKee regarding two acquittals in separate trials for rape and related offenses. In each of the underlying cases, following a full trial, appellee was acquitted by a jury. He subsequently filed a petition to expunge all criminal records related to those two cases.

The Commonwealth has brought this appeal raising several issues for our consideration. It first alleges that the lower court erred in finding that the Commonwealth had not shown compelling reasons for the retention of appellee's arrest records. We agree and, therefore, we need not address the remaining issues raised by the Commonwealth.

In each of the underlying cases, the complaining witness testified extensively as to the sequence of events which led to the alleged rape. At each trial, appellee did not deny that intercourse had occurred but testified that the sexual acts were consensual and not forcible. Both times, appellee was acquitted by a jury.

At the expunction hearing, the Commonwealth submitted extensive expert testimony by which it showed that the facts, as alleged by the complaining witnesses, followed a distinctive and recognizable *modus operandi*. The Commonwealth presented testimony that sex offenders usually fit into one of several recognized classifications. A Commonwealth witness testified as to the classifications of sex offenders as formulated by both the Federal Bureau of Investigation and by law enforcement authorities in New York state. Based on appellee's criminal record and the incident reports, the witness concluded that the two under-

lying cases fit the New York state offense classification of "Predatory Rapist" and the Federal Bureau of Investigation classification of "Anger Rapist." Appellee presented no evidence to challenge the conclusions asserted by the Commonwealth's expert witnesses, nor did he present any testimony on his own behalf at the expunction hearing.

The Commonwealth alleges that the lower court erred (1) in taking judicial notice of the prejudice which appellee may suffer by having a criminal record and (2) in concluding that the Commonwealth's interest in retaining appellee's arrest records was less compelling than appellee's interest in expunction.

The Supreme Court of Pennsylvania has specifically set forth a balancing test to be applied in these cases which requires the court to consider *both* the interests of the individual and the interests of the Commonwealth:

> In determining whether justice requires expungement the Court, in each particular case, must balance the individual's right to be free from the harm attendant to maintenance of the arrest records against the Commonwealth's interest in preserving such records.

*Commonwealth v. Wexler,* 494 Pa. 325, 329, 431 A.2d 877, 879 (1981). This court, in *Commonwealth v. Iacino,* 270 Pa.Superior Ct. 350, 411 A.2d 754 (1979) (Spaeth J., concurring), listed several factors that should be considered in determining the respective strengths of the Commonwealth's and petitioner's interest in this type of case:

> These [factors] include the strength of the Commonwealth's case against the Petitioner, the reasons the Commonwealth gives for wishing to retain the records, the petitioner's age, criminal record, and employment history, the length of time that has elapsed between the arrest and the Petition to Expunge, and the specific adverse consequences the petitioner may endure should expunction be denied.

270 Pa.Superior Ct. at 358, 411 A.2d at 759. These factors were cited with approval by the Supreme Court in *Commonwealth v. Wexler,* 494 Pa. at 330, 431 A.2d at 879, and

*Commonwealth v. Armstrong,* 495 Pa. 506, 510, 434 A.2d 1205, 1207 (1981).

▮ The court's balancing process should be guided by but not limited to the enumerated factors. The Commonwealth's emphasis on requiring the petitioner to prove "specific adverse consequences" is misplaced. Nowhere have our courts held that a petitioner must allege[1] and prove that he has suffered specific harm before he is entitled to have his criminal records expunged.[2] This issue was discussed in *Commonwealth v. Chacker,* 320 Pa.Superior Ct. 402, 467 A.2d 386 (1983), wherein this court stated:

> We do so to dispel the notion that the petitioner seeking to .have his/her record expunged is saddled with the burden of proving why his/her request should be granted. Our Supreme Court in *Commonwealth v. Wexler,* 494 Pa. 325, 431 A.2d 877 (1981) held: 1) if the Common-

---

**1.** Appellee did allege in his Petition to Expunge Criminal Records that "To maintain the record of this criminal arrest will cause undue harm and specific prejudice to petitioner who is attempting to reconstruct his life and support his wife and minor child."

**2.** In *Commonwealth v. Wexler,* 494 Pa. at 329–330, 431 A.2d at 879, the Court expressed approval of the statement in *Commonwealth v. Malone,* 244 Pa.Superior Ct. 62, 366 A.2d 584 (1976), recognizing the serious harm an individual may suffer as a result of the Commonwealth's retention of an arrest record. In *Malone,* Judge Hoffman wrote:

> The harm ancillary to an arrest record is obvious: "Information denominated a record of arrest, if it becomes known, may subject an individual to serious difficulties. Even if no direct economic loss is involved, the injury to an individual's reputation may be substantial. Economic losses themselves may be both direct and serious. Opportunities for schooling, employment, or professional licenses may be restricted or nonexistent as a consequence of the mere fact of an arrest, even if followed by acquittal or complete exoneration of the charges involved. An arrest record may be used by the police in determining whether subsequently to arrest the individual concerned, or whether to exercise their discretion to bring formal charges against an individual already arrested. Arrest records have been used in deciding whether to allow a defendant to present his story without impeachment by prior convictions, and as a basis for denying release prior to trial or an appeal; or they may be considered by a judge in determining the sentence to be given a convicted offender."

> 244 Pa.Superior Ct. at 68–69, 366 A.2d at 587–88, *quoting Menard v. Mitchell,* 430 F.2d 486, 490–91 (D.C.Cir.1970).

wealth admits that it is unable to bear its burden of proof (as was the case here), then it must bear the burden of justifying why the arrest record should not be expunged; and 2) a judge's conclusion at the preliminary hearing that the Commonwealth had presented a prima facie case at that time is not dispositive of the issue to expunge. 320 Pa.Superior Ct. at 405 n. 1, 467 A.2d at 388 n. 1. In further discussion, the *Chacker* court reiterated, "Thus, under *Wexler,* the burden to present compelling evidence against expungement is placed on the Commonwealth if it has failed to establish the accused's guilt beyond a reasonable doubt ..." 320 Pa.Superior Ct. at 409, 467 A.2d at 390.

The factors to be considered, as set forth in *Armstrong,* serve as guidance to the court in determining whether the Commonwealth has met its burden. Those factors do not shift the burden of persuasion to the petitioner. If the petitioner does not show great harm or prejudice by retention of the records, such a showing may be considered in a balancing test, but the ultimate burden of proof and persuasion is upon the Commonwealth.

Thus, we must examine the evidence presented to determine whether the Commonwealth proffered compelling evidence to justify the retention of appellee's records. There are no set rules to be followed when balancing the competing interests in a case such as this. The court must resolve each case on its own facts. *See Commonwealth v. Malone,* 244 Pa.Superior Ct. 62, 366 A.2d 584 (1976).

■ The essence of this court's holdings has been that the Commonwealth's generalized concern for retention of records, applicable to all defendants, is not a sufficient basis for denying an expunction petition, *see Commonwealth v. Wexler, supra* (illicit drug activity) and *Commonwealth v. Chacker, supra* (drug activity), nor is the retention of records to inhibit further crimes of the same sort a compelling reason. *See Commonwealth v. Rose,* 263 Pa.Superior Ct. 349, 397 A.2d 1243 (1979) (retail theft); *Rambo v.*

*Commissioner of Police,* 301 Pa.Superior Ct. 135, 447 A.2d 279 (1982) (drug charges).

The reasons for retaining the records must be focused on the particular petitioner before the court and the justifications must pertain specifically to that case.

In this case there are several factors which weigh heavily in the Commonwealth's interest. The Commonwealth presented expert testimony, based on the specific facts of this case, which showed that the two alleged instances showed that appellee followed a particular *modus operandi* or identifiable pattern of behavior. We do not agree with the lower court's conclusion that the Commonwealth merely asserted "a general concern for maintaining records of all persons accused of rape." Rather, the Commonwealth asserted a very specific concern for maintaining appellee's records because of the identifiable pattern of behavior involved. The Commonwealth's argument would be less compelling if only one rape charge had been lodged against appellee. But here, there were two separate charges, three years apart, each involving a, similar, identifiable *modus operandi* which the Commonwealth documented thoroughly. The Commonwealth also presented persuasive evidence showing how the retention and use of *modus operandi* files was essential to accurate and successful criminal investigation which should be considered in the balancing process when ruling on an expunction petition.

Another persuasive reason asserted by the Commonwealth was the fact that one of the underlying arrests had been based, in part, on information obtained from two admitted drug users. If, in the future, those individuals would provide confidential information to the police concerning controlled substances, and the police wished to qualify them as confidential informants, they would be able to do so by asserting in the warrant that these individuals had provided reliable information in the past. If these arrest records were to be expunged, the police would not have them to provide a basis for qualifying those individuals as confidential informants.

These factors asserted by the Commonwealth weigh heavily when balanced against the other factors in this case. Appellee has a prior criminal record consisting of a conviction for robbery and importation of obscene materials and there had been a very short lapse in time between the most recent acquittal and the expunction hearing (two months). Finally, the petitioner presented no evidence of an employment history or other relevant specific factors. Such assertion of specific harm would weigh more heavily in his favor than does judicial notice of the harm involved and such information would be particularly pertinent when a petitioner, as here, already has a criminal record.

We find that, as a matter of law, the lower court failed to afford the appropriate significance to the law enforcement justification for retaining this specific appellee's arrest records. The lower court did not err in taking judicial notice of the possible harm which might be suffered by an individual, however, in this case that potential harm is far outweighed by the Commonwealth's asserted interests.

Accordingly, the order of the court below is reversed.